UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Gail Garreau,

**Plaintiff**

v. C.A. NO. 04-544 ML

Newport Federal Savings Bank

**Defendant**

**AFFIDAVIT IN SUPPORT OF EMERGENCY MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL ASSENTED TO BY DEFENDANT**

NOW COMES the undersigned counsel and requests the Court's permission to withdraw as Plaintiff's counsel. In support of this Motion, the undersigned counsel submits the following affidavit:

1. My name is Stephen T. Fanning, BBO # 3900. I am an attorney, duly authorized to practice before this Court, maintaining offices at 305 South Main St.; Providence, RI 02903. I am currently the attorney of record on behalf of the Plaintiff in the above-captioned action.

2. On or about April 3, 2002, I was retained to represent Gail Garreau (hereafter "Garreau"), Plaintiff in the above-captioned matter, pursuant to a written Retainer Agreement (hereafter "Agreement."), signed by Garreau. (Ex. 1.)

3. The Agreement referenced in the preceding paragraph provides, *inter alia,* that Garreau has an "affirmative obligation to cooperate in the processing of [her case]." If she does not meet that obligation, the Agreement provides that I may "withdraw as counsel." (Ex.1, Para.9.)

4. As part of the above-referenced Agreement, Garreau was also provided with a copy of the "Client's Statement of Rights and Responsibilities," as endorsed by the Rhode Island Supreme Court, and signified her receipt of same by her signature. (Ex.1, pg.3.) This statement further apprises a client of his/her duty to cooperate in the processing of his/her case, and duty to participate in court proceedings. (See, for example, paragraphs 5 and 7 of the statement.)

5. On December 23, 2004, following the appropriate processing of her claims through state and federal administrative agencies, I timely filed the above-captioned action on behalf of Garreau.

6. Pursuant to the Court's Scheduling Order, discovery is scheduled to close in this action on September 30, 2005.

7. The parties were ordered by the Court to attend a mandatory settlement conference before the Hon. Magistrate Judge Robert Lovegreen, on June 8, 2005. Despite notification from my office, Garreau, without explanation or notification to me or the Court, failed to appear.

8. In light of Garreau's failure to appear at the settlement conference scheduled for June 8, 2005, Magistrate Judge Lovegreen rescheduled the conference to June 16, 2005. Despite written notification from my office, sent by certified mail with receipt acknowledged by Garreau (Ex.2.), Garreau again failed to appear for the scheduled conference, without notice or explanation to my office or to the Court.

9. Subsequent repeated phone calls to Garreau, with detailed voice messages, have been of no avail in contacting Garreau. My office has received no responsive calls to my repeated telephone messages.

10. By written correspondence, dated June 9, June 24, July 6, and July 7, 2005, all sent by regular mail and certified mail, I have attempted to contact Garreau, to no avail.

11. On or about July 7, 2005, I received an undated letter from Garreau indicating, *inter alia*, that she had received mail from this office, but had not opened it, and that she would not meet with me in my Providence office. (Garreau lives in Wakefield.) (Since this letter contains arguably privileged communications concerning Plaintiff's case, and Plaintiff has not consented to its disclosure, it is not attached.)

12. On July 7, 2005, certified mail this office had sent to Garreau was returned, marked "REFUSED." (Ex.3.)

13. To date, Garreau continues in her failure to cooperate and assist her counsel in preparing responses to the Defendant's discovery requests, which include Interrogatories, Document Requests, and Requests for Admissions, served on or about April 4, 2005, or to assist in the preparation of her own discovery requests. The Defendant has stipulated to an extension of time for Garreau to respond to Defendant's requests, up to and including July 18, 2005. Garreau has been repeatedly apprised of the urgency of her discovery obligations, by telephone and letter, and of the fact that her failure to take immediate action will have a ruinous effect on her case.

14. To date, Garreau has provided no indication that she intends to cooperate in her discovery obligations, nor informed my office of any circumstances preventing her from doing so.

15. I have repeatedly informed Garreau of my willingness to meet with her, at any time and at virtually any location, to discuss any issues she may have, and to effectuate her cooperation in my continued zealous representation of her in

this case. I have also offered to assist her in finding new counsel, if that were her desire. To date, I have received no meaningful response.

16. Under the above-described conditions, I believe that I am no longer able to represent this individual.

VERIFICATION

I hereby swear and attest that the above statements are true and correct to the best of my knowledge and belief, based on the information in my possession.

Stephen T. Fanning #3900

NOTARY

The above-named individual, personally known to me, under oath, did swear and attest to the above statements, on this the 8th day of July, 2005.

#51944 My Commission Expires: 8/13/2007

**The Defendant does not object to, and assents to, this Motion, including the Court's expedited review thereof.**

Respectfully Submitted,
Counsel to Gail Garreau,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250/401-272-4520 (FAX)

**Certification**

I hereby certify that a true copy of the above was served on counsel for the Defendant: Gardner Palmer; Rodio & Brown, 91 Friendship Street, Providence, RI 02903 by regular first class mail, postage prepaid, on July 8, 2005, and upon Gail Garreau, 21 Winchester Dr., Wakefield, RI 02879, by certified mail, overnight express mail, and regular first class mail, postage prepaid, on the date indicated below.

7/8/05