**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GAIL M. GARREAU**<br>**Plaintiff** | : | |
| | : | |
| **VS.** | : | **C. A. No. 04-544 ML** |
| | : | |
| **NEWPORT FEDERAL SAVINGS BANK**<br>**Defendant.** | : | |

**DEFENDANT NEWPORT FEDERAL SAVINGS BANK'S MOTION TO DISMISS**

Defendant, Newport Federal Savings Bank, pursuant to Federal Rules of Civil Procedure, Rules 37(d), 16(f) and 41(b) moves this Court to dismiss with prejudice the Complaint of Plaintiff, Gail M. Garreau, for her protracted and inexcusable failure to (a) fulfill her initial disclosure obligations pursuant to Rule 26; (b) provide Answers to Interrogatories; (c) produce documents pursuant to Defendant's Request for Production, and (d) appear for two Mandatory Settlement Conferences.

In support of this Motion, Defendant respectfully refers the Court to the accompanying Memorandum attached hereto and made a part hereof.

NEWPORT FEDERAL SAVINGS BANK
By its Attorneys,

Gardner H. Palmer, Jr. Esq. (#3707)
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903
401 274-4040
401 274-4099 Fax

Date: July 28, 2005

**Gail M. Garreau**
**vs.**
**Newport Federal Savings Bank**
**C. A. No. 04-544 ML**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the within was forwarded by fax and regular mail, postage prepaid, on the 28 day of July, 2005, to:

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903

Kathleen Mc Carthy [signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL M. GARREAU<br>Plaintiff | : | |
| VS. | : | C. A. No. 04-544 ML |
| NEWPORT FEDERAL SAVINGS BANK<br>Defendant. | : | |

**DEFENDANT NEWPORT FEDERAL SAVINGS BANK'S**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Newport Federal Savings Bank submits this Memorandum in support of its Motion to Dismiss the Complaint of Plaintiff Gail M. Garreau pursuant to Rules 37(d), 16(f) and 41(b) of the Federal Rules of Civil Procedure.

## I. FACTS AND TRAVEL

1. Plaintiff Gail M. Garreau filed suit against Defendant Newport Federal Savings Bank on or about December 30, 2004. Defendant filed its answer to the Complaint on January 20, 2005.

2. The Court issued a Pretrial Order on February 28, 2005 requiring that discovery be completed by September 30, 2005.

3. By agreement, Plaintiff and Defendant were to make their Rule 26 Disclosures on or before March 31, 2005. Defendant duly submitted its Initial Disclosures on March 31st. Plaintiff has yet to meet her minimal initial disclosure obligations pursuant to Rule 26 to produce documents and identify the names, addresses and telephone numbers of those likely to have discoverable information. Although Defendant produced its Initial Disclosures to Plaintiff on March 31, 2005 and several times requested that Plaintiff produce her Initial Disclosures, none have been made.

4. On April 4, 2005, Defendant served Interrogatories, a First Request for Production of Documents and a First Request for Admissions on Plaintiff (copies can be made available to the Court, if desired). Plaintiff's responses were due on or before May 6th, 2005. Plaintiff did not submit responses to the any of the three discovery requests, nor did she object or seek additional time from counsel or the Court.

5. Defendant wrote to Plaintiff on May 10, 2005 asking Plaintiff to promptly produce the requested documents and answer the Interrogatories in order to avoid a Motion to Compel. Notwithstanding, Plaintiff filed no Answers to Interrogatories nor has Plaintiff filed a Response to the Request for Production.

6. Defendant did not request a Response to the Request for Admissions because they were deemed admitted by rule.

7. On May 23, 2005, Defendant filed a Motion to Compel with the Court.

8. The Court scheduled a Mandatory Settlement Conference for June 8, 2005 before Magistrate Judge Lovegreen. Defendant's counsel appeared at the Settlement Conference with its party representative as required by the Court's Order. Although Plaintiff's counsel appeared, Plaintiff herself did not appear. Plaintiff's counsel represented to the Court that Plaintiff knew of the Settlement Conference, that he had expected her to attend and that he was not provided any advance notice or explanation as to why Plaintiff failed to appear.

9. As an accommodation to Plaintiff, Magistrate Judge Lovegreen directed the parties and counsel to appear for the Settlement Conference the following Thursday, June 16, 2005. He further directed Plaintiff's counsel to notify Plaintiff of the new date and the mandatory nature of her appearance.

10. On June 16, 2005, Defendant's counsel again appeared at the Settlement Conference with Defendant's party representative, as required by the Court's Order and its June 8th directive. Once again, although Plaintiff's counsel attended the Settlement Conference, Plaintiff herself failed to appear. Plaintiff's counsel again represented to the Court that he had provided Plaintiff with notice of the new date and time of the Settlement Conference and had advised her that her appearance at the rescheduled Settlement Conference was mandatory. Again, Plaintiff neither notified her counsel nor the Court of any reason or excuse for her second failure to appear as ordered.

11. On June 14, 2005, Defendant agreed to withdraw its Motion to Compel and enter into a Stipulation, at Plaintiff's counsel's request, to extend the time for Plaintiff to respond to Defendant' discovery until July 18th. Defendant did this to accommodate Plaintiff's counsel even though Plaintiff had failed to timely respond to the Request for Admissions, Interrogatories and Document Request and in spite of the fact that Defendant was forced to file a Motion to Compel, that Plaintiff had failed to file a timely objection thereto and that Plaintiff had ignored the Mandatory Settlement Conference.

12. On July 18, 2005, Plaintiff's counsel delivered a Response to Defendant's First Request for Admissions. Plaintiff once again failed to submit Answers to Interrogatories or a Response to Defendant's Request for Production.

13. On July 20, 2005, Defendant's counsel faxed and mailed a letter to Plaintiff's counsel requesting service by July 22nd of Plaintiff's discovery responses, which were originally served on April 4th and due on May 6th, so that Defendant would not have to file a second Rule 37 motion.

14. Despite the fact that (a) Plaintiff's discovery was initially due by May 6th, (b) Defendant had agreed to permit Plaintiff to submit a Response to Defendant's Request for Admissions out of time, (c) Defendant withdrew its May 23, 2005 Motion to Compel at Plaintiff's counsel's request, (d) Defendant overlooked Plaintiff's untimely objection to the Motion to Compel, (e) Defendant, at Plaintiff's counsel's request, agreed by Stipulation to permit Plaintiff until July 18, 2005 to submit responses to all three of Defendant's discovery requests, even though answers or objections to each was out of time, (f) Plaintiff twice ignored the Court's order to appear for the Mandatory Settlement Conference, and (g) discovery closes September 30, 2005, Plaintiff has still refused to submit to discovery in the case that she brought.

15. Plaintiff's repeated and protracted failures to provide sworn Answers to Interrogatories and responsive documents are without excuse or justification. Plaintiff's willful failure to appear at either of the two scheduled Mandatory Settlement Conferences, the second of which was rescheduled *solely* for her benefit, is also without excuse or justification.

## II. ARGUMENT

**1. This Court should dismiss with prejudice Plaintiff's Complaint for her repeated willful failures to submit to discovery and appear for Mandatory Settlement Conferences.**

Federal Rule of Civil Procedure 37(d) provides:

> If a party . . . fails . . . (2) to serve answers to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Rule 37(b)(2)(C) allows the Court to enter:

> [a]n *order* striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or proceeding* or any part thereof, or rendering judgment by default against the disobedient party (emphasis added).

Rule 37(d) and the first circuit expressly authorize this Court to dismiss a plaintiff's case for failure to submit to discovery or comply with the Court's orders. If a party's conduct warrants it, the Court may dismiss a plaintiff's complaint for failing to submit to discovery without any preliminary steps. As the court stated in *Guex v. Allmerica Financial Life Ins. and Annuity Co.*, 146 F.3d 40, 42 (1st Cir. 1998):

> There is also "nothing in the rule that states or suggests that the sanction of dismissal can be used only after all the other sanctions [available under Rule 37] have been considered or tried." *Damiani v. Rhode Island Hosp.*, 704 F.2d 12, 15 (1st Cir.1983). Thus, "[a] plaintiff who appeals such a dismissal bears a heavy burden of demonstrating that the trial judge was *clearly* not justified in entering an order of dismissal under Rule 37." *Spiller v. U.S.V. Labs., Inc.*, 842 F.2d 535, 537 (1st Cir.1988) (emphasis added).

The fact that sanctions less drastic than dismissal exist is immaterial. *Morgan v. Massachusetts General Hosp.*, 901 F.2d 186 (1st Cir. 1990). The rationale behind this longstanding rule was expressed in *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778 (1976):

> But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. If the decision of the Court of Appeals remained undisturbed in this case, it might well be that these respondents would faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts.

Here, Plaintiff's conduct warrants dismissal of her complaint under Rule 37. As recounted above in detail, Plaintiff has had multiple opportunities to submit her discovery responses. In a six month discovery period, Plaintiff's conduct has effectively

prevented Defendant from conducting discovery for four of those months. Discovery first propounded on April 4th remains unanswered as of July 28th.

During that time, Plaintiff has ignored or failed to honor at least five written requests for the discovery, including a Motion to Compel and a Stipulation. By Local Rule 22, such a Stipulation has the force of a court order.

Moreover, during that time, Plaintiff ignored not one, but two Mandatory Settlement Conferences. Each time, Defendant's counsel duly appeared with a representative of the Defendant as required by the Court's order. The second conference was rescheduled *solely* to permit the Plaintiff a second opportunity to appear. Nevertheless, Plaintiff still failed to appear and never provided her counsel or the Court with any notice. Rather, she has failed to supply the Court or counsel with any explanation or justification for her refusal to appear. Her conduct is in willful disregard of the Court's Orders and directives and warrants dismissal with prejudice of her Complaint.

Dismissal is also authorized and warranted under Rules 16(f) and 41(b) of the Federal Rules. Rule 16(f) provides that:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, . . . or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Similarly, Rule 41(b) grants the Court authority to dismiss Plaintiff's Complaint under the circumstances of this case. It states:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

**Gail M. Garreau**
**vs.**
**Newport Federal Savings Bank**
**C. A. No. 04-544 ML**

## III. CONCLUSION

As noted, Plaintiff in this case has failed to submit to discovery and has failed to appear for two Mandatory Settlement Conferences. In the process, she has flouted at least three court orders and five discovery deadlines. She has prejudiced Defendant's legitimate discovery rights and has abused the Court and its rules. The Court should dismiss her Complaint with prejudice.

NEWPORT FEDERAL SAVINGS BANK
By its Attorneys,

Gardner H. Palmer, Jr. Esq. (#3707)
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903
401 274-4040
401 274-4099 Fax

## RULE 37 CERTIFICATE

I, Gardner H. Palmer, Jr., counsel for Defendant, certify that in spite of multiple good faith efforts to obtain complete initial disclosures, Answers to Interrogatories and Responses to Request for Production of Documents, Defendant has been unable to obtain the discovery.

Gardner H. Palmer, Jr.

Date: July 28, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the within was forwarded by fax and regular mail, postage prepaid, on the 28 day of July, 2005, to:

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903