**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GAIL M. GARREAU** **Plaintiff** | : | |
| **VS.** | : | **C. A. No. 04-544 ML** |
| **NEWPORT FEDERAL SAVINGS BANK** **Defendant.** | : | |

**DEFENDANT NEWPORT FEDERAL SAVINGS BANK'S OBJECTION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Defendant, Newport Federal Savings Bank objects to the Motion for Protective Order of Plaintiff, Gail M. Garreau. In support of this Objection, Defendant respectfully refers the Court to the accompanying Memorandum attached hereto and made a part hereof.

NEWPORT FEDERAL SAVINGS BANK
By its Attorneys,

Gardner H. Palmer, Jr. Esq. (#3707)
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903
401 274-4040
401 274-4099 Fax

Date: August 12, 2005

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the within was forwarded by fax and regular mail, postage prepaid, on the 12 day of August, 2005, to:

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL M. GARREAU<br>Plaintiff<br><br>VS.<br><br>NEWPORT FEDERAL SAVINGS BANK<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: | C. A. No. 04-544 ML |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Defendant, Newport Federal Savings Bank, objects to the Motion for Protective Order of Plaintiff, Gail M. Garreau. Plaintiff has asked the Court to protect her from answering Defendant's Interrogatories and responding to Defendant's Request for Production of Documents until September 18, 2005. Defendant first propounded these discovery requests on April 4, 2005. Plaintiff's responses were initially due May 6th. Discovery is scheduled to close September 30th; yet Defendant has been unable to learn anything meaningful about Plaintiff's alleged claims. In her Motion, Plaintiff has not cited any legal authority that would entitle her to protection from Defendant's discovery and her conduct in this action does not warrant any such protection.

Rule 26(c) of the Federal Rules of Civil Procedure permits a party from whom discovery is sought to ask the Court for protection necessary to protect the party from annoyance, embarrassment, oppression, or undue burden or expense. This relief may, in the Court's discretion, be available to a party whom has timely objected to discovery and who can certify to the Court that the party has attempted in good faith to resolve a discovery dispute without court intervention.

That is not this case. Here, Plaintiff has flat out refused to answer the discovery requests that were first served on April 4, 2005, over four months ago. It is only because Defendant granted Plaintiff's counsel a stipulation allowing Plaintiff until July 18th to serve discovery responses that Plaintiff, through her counsel's efforts, was able to respond to Defendant's Request for Admissions. Plaintiff has not objected to any of the requests, nor would any such objection be timely at this point. Moreover, Plaintiff has not suggested that Defendant's discovery is intended to annoy, embarrass, oppress, or create undue burden or expense. Quite the contrary, Defendant has relieved Plaintiff of her failure to timely answer Defendant's Request for Admissions. Defendant also relieved Plaintiff of her initial failure to timely respond or object to its Interrogatories and Request for Production, and withdrew its pending Motion to Compel. By Stipulation, Defendant gave Plaintiff until July 18th to respond to Defendant's outstanding discovery and Plaintiff still did not serve Answers to Interrogatories or a Document Response. Plaintiff's multiple failures to meet her discovery obligations were also contemporaneous with her still unexplained failure to appear at two separate Mandatory Settlement Conferences, the second of which Magistrate Judge Lovegreen rescheduled solely to accommodate Plaintiff's failure to appear for the first Settlement Conference.

Defendant has already filed a Motion to Dismiss due to Plaintiff's persistent failure to meet her discovery obligations and to appear for the two separate Mandatory Settlement Conferences. That motion is pending before the Court at this time and Defendant incorporates the arguments made in support of that motion into its opposition to this motion. In short, there is no justifiable basis for Plaintiff's refusal to respond to Defendant's discovery and there is no justifiable basis to grant her further

protection from Defendant's discovery. Accordingly, Defendant respectfully asks that the Court deny Plaintiff's Motion for Protective Order.

NEWPORT FEDERAL SAVINGS BANK
By its Attorneys,

Gardner H. Palmer, Jr. Esq. (#3707)
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903
401 274-4040
401 274-4099 Fax

Date: August 12, 2005

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the within was forwarded by fax and regular mail, postage prepaid, on the 12 day of August, 2005, to:

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903